# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50598
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

KEITH ALAN HILDERBRAND,

Defendant–Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-250-1

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Keith Hilderbrand, federal prisoner # 35973-180, moves to proceed *in forma pauperis* ("IFP") to appeal the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the U.S. Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50598

Guidelines.  By seeking to proceed IFP, Hilderbrand is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Hilderbrand claims the district court misapplied the amendment and the 18 U.S.C. § 3553(a) factors and that because he received a sentence at the low end of the guideline range applicable at the original sentencing, he should now receive a sentence at the low end of his new guideline range.  He also asserts that in denying his motion, the court improperly considered his criminal history and the amount of drugs involved in the offense of conviction and ignored evidence of his prison behavior.

The district court correctly recognized that Hilderbrand was eligible for a reduction and that his original sentence of 188 months was within the new guideline range of 151 to 188 months.  *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010); U.S.S.G. § 2D1.1(c)(7); U.S.S.G., Ch. 5, Pt. A.  The court also had before it Hilderbrand's arguments in favor of a reduction and information regarding his prison history.  *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).  The court denied Hilderbrand's motion as a matter of discretion, referring to the § 3553(a) factors in general and Hilderbrand's criminal history and the amount of drugs involved in the offense of conviction in particular.  *See United States v. Evans,* 587 F.3d 667, 672–73 (5th Cir. 2009).  Hilderbrand has not shown that there is a nonfrivolous issue with regard to the denial of his motion for a reduction.

Accordingly, this appeal does not present a nonfrivolous issue and has not been brought in good faith.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

2